BANK OF BLOWING ROCK, THROUGH ITS DULY ELECTED AND ACTING TRUS-
TEE, H. P. HOLSHOUSER; H. E. COFFEY AND J. E. HOLSHOUSER,
TRUSTEES FOR H. E. COFFEY, v. C. R. McIVER AND HENRY S. DUNCAN.

(Filed 22 May, 1940.)

**Judgments § 39—**

Where, in an action on a judgment which had been assigned by the judgment creditor to a trustee for the benefit of another, the judgment creditor, the trustee and the person for whose benefit the judgment had been assigned are all parties, the judgment debtor may not resist recovery

on the ground that the assignment is invalid or irregular, since to whom the money shall be paid does not materially affect him so long as all parties concerned are parties to the action and are bound by the judgment rendered.

APPEAL by defendant McIver from *Olive, Special Judge,* at November Term, 1939, of GUILFORD. No error.

Civil action upon a judgment for the renewal thereof.

At the August Term, 1939, Watauga Superior Court, judgment was rendered in favor of the plaintiff bank and against the defendants in the sum of $10,000 with interest and cost. In March, 1937, the Bank of Blowing Rock consolidated with the Watauga County Bank. There were certain assets which were not transferred to the consolidated bank. By action of the board of directors these assets, including the judgment sued upon, were delivered to a liquidating committee for collection and disbursement. The liquidating committee designated H. P. Holshouser trustee with power to take charge of the assets remaining after the transfer to the consolidated bank, with full power to collect and disburse. On 4 August, 1938, H. P. Holshouser, trustee, transferred and assigned the judgment in controversy to J. E. Holshouser for the use and benefit of H. E. Coffey.

At the conclusion of the evidence for the plaintiffs, the defendants having offered none, the jury, under instructions of the court, in answer to the issue submitted, found that the defendant McIver is indebted to the plaintiff Holshouser, trustee for Coffey, in the sum of $10,025. From judgment thereon defendant McIver appealed.

*Glidewell & Glidewell for appellant.*
*Hoyle & Hoyle and Eugene Trivette for appellees.*

PER CURIAM. Although the record is short the defendant makes thirty assignments of error. After an examination of each assignment we find no sufficient cause for disturbing the judgment.

If the transfer from the plaintiff bank to the plaintiff Holshouser, trustee for H. E. Coffey, is invalid or irregular, as contended by the appellant, it must be noted that the bank and J. E. Holshouser, trustee, are parties plaintiff. To whom the money due shall be paid does not materially affect the defendant so long as all parties concerned are parties to the action and are bound by the judgment rendered.

No error.