Olav HELLER, Plaintiff and Respondent,

v.

C. TORGERSON and W. C. Sveen, Sheriff
of Williams County, North Dakota,
Defendants,

and

C. Torgerson, Defendant and Appellant.

No. 7422.

Supreme Court of North Dakota.

June 30, 1955.

Duffy & Haugland, Devils Lake, for defendants and appellant.

Walter O. Burk, Williston, for plaintiff and respondent.

PER CURIAM.

In October 1937, L. R. Baird as Receiver of the Williams County State Bank, an insolvent banking corporation, obtained a money judgment against the plaintiff. In April, 1945, he assigned this judgment by a written instrument to the defendant Torgerson. Plaintiff brought this action to set aside the assignment upon the ground that it was wholly void. The trial court found for plaintiff and directed the entry of a judgment setting aside the assignment. The defendant, Torgerson, has appealed from the judgment and demanded a trial de novo in this court.

Since the receiver's judgment against the plaintiff is conceded to be a valid judgment, his only interest in the assignment arises out of his right to be certain that satisfaction or enforcement of the judgment by the assignee would extinguish the judgment and his liability thereunder.

■ L. R. Baird was discharged as receiver and the receivership of the bank was terminated on December 13, 1945. Section 6–0738, NDRC 1943, provides in part:

"* * * upon the winding up of the receivership proceedings, [the State Examiner] and shall be vested with title to any assets belonging to such bank and not distributed in such receivership, * * *."

It is clear therefore, that if the assignment of the receiver's judgment was void, title thereto became vested in the State Examiner upon the termination of the receivership.

Section 6–0738, supra, also provides that the State Examiner

"* * * shall have authority to execute all deeds, satisfactions, assignments, or other documents required for the purpose of * * * correcting public records and quieting title to property in which the insolvent bank has or has had an apparent interest."

It thus appears that the State Examiner has been given the power, to be exercised at his discretion, to execute any documents that may be necessary to validate any irregular or void transfers or assignments that may have been made in the course of a receivership of an insolvent bank.

■ In this case, and prior to the trial thereof, John A. Graham, the State Examiner, filed a disclaimer of all interest in the judgment assigned by the receiver to the defendant, Torgerson. Under the provisions of Section 6–0738, supra, he had the power to make such a disclaimer. It was binding upon him and his successors in office. The filing of this disclaimer therefore made legally certain that the satisfaction or enforcement of the judgment by the assignee, the defendant, Torgerson, would extinguish the judgment and plaintiff's liability thereunder. Its effect was to extinguish plaintiff's litigable interest in this law suit. Upon the filing of the State Examiner's disclaimer, this action became moot and it should have been dismiss-

ed. See Bank of Blowing Rock v. McIver, 217 N.C. 623, 9 S.E.2d 25.

The judgment of the District Court is therefore reversed and the action ordered dismissed.

BURKE, C. J., and MORRIS, SATHRE and GRIMSON, JJ., concur.

JOHNSON, J., did not participate.